OPINION — AG — (1) LEGISLATION AUTHORIZING NAMED INDIVIDUALS TO BRING SUIT (LEGAL) AGAINST THE STATE OF OKLAHOMA TO RECOVER DAMAGES FOR PERSONAL INJURIES IS PROHIBITED BY ARTICLE V, SECTION 59, AS SPECIAL LEGISLATION WHERE A GENERAL LAW COULD BE MADE APPLICABLE. (2) LEGISLATION AUTHORIZING NAMED INDIVIDUALS TO BRING SUIT AGAINST THE STATE OF OKLAHOMA FOR CONSEQUENTIAL DAMAGES TO REAL PROPERTY, RESULTING FROM A PUBLIC IMPROVEMENT, WHERE NO LAND IS PHYSICALLY TAKEN FROM INDIVIDUALS, IS CONSTITUTIONALLY PERMISSIBLE, SUCH ACTIONS BEING MAINTAINABLE UNDER ARTICLE II, SECTION 24 OKLAHOMA CONSTITUTION. (3) LEGISLATION AUTHORIZING NAMED INDIVIDUALS TO BRING SUIT AGAINST THE STATE OF OKLAHOMA FOR DAMAGES UPON A CAUSE OF ACTION IN TORT, WHERE THE DAMAGE IS TRANSITORY IN NATURE AND THE RESULT OF AN ISOLATED INCIDENT, IS PROHIBITED BY ARTICLE V, SECTION 59, AS SPECIAL LEGISLATION WHERE A GENERAL LAW COULD BE MADE APPLICABLE. (4) IN ACTIONS PROPERLY BROUGHT AGAINST THE STATE AND CONSTITUTIONALLY AUTHORIZED BY PROPER LEGISLATION, THE STATE ATTORNEY MAY RAISE ANY AND ALL DEFENSES AVAILABLE. (5) NO LEGISLATION MAY BE ENACTED TO AUTHORIZE NAMED INDIVIDUALS TO MAINTAIN SUIT AGAINST THE STATE, WHERE SUCH LEGISLATION IS BARRED BY ARTICLE V, SECTION 59 . ONLY A GENERAL LAW ABOLISHING THE STATE'S IMMUNITY FROM SUIT AS TO ALL PERSONS HAVING CLAIMS WITHIN THE SCOPE OF SUCH LAW WILL SUFFICE FOR THESE PURPOSES, ASSUMING SUCH LAW TO BE OTHERWISE VALID. (SOVEREIGN IMMUNITY) CITE: ARTICLE V, SECTION 46, ARTICLE V, SECTION 50 (FLOYD W. TAYLOR)